IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Eric Cary,               )<br>             Petitioner,          )<br>                                    )<br>vs.                                 )<br>                                    )<br>Rivas, et al.,                  )<br>             Respondents.     )<br>_____) | No. CV05-1903-PHX-SRB<br><br>**ORDER** |

    Petitioner filed his Petition for Writ of Habeas Corpus on June 23, 2005, challenging state court convictions that became final on April 12, 2001.  The petition alleges ineffective assistance of counsel and a claim that *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531 (2004), entitles Petitioner to be re-sentenced.  Petitioner also claims that the state court erred in denying his application to proceed in forma pauperis on appeal and in failing to appoint counsel.   On December 8, 2005, the Magistrate Judge issued his Report and Recommendation recommending that the Petition for Writ of Habeas Corpus be denied because it was filed after the expiration of the one-year statute of limitations set out in 28 U.S.C. § 2244(d)(1). Alternatively the Report and Recommendation recommends denial because the claims are procedurally defaulted and because the claims lack merit.

    Petitioner filed his objections to the Report and Recommendation  on December 20, 2005, primarily arguing about the application of *Blakely v. Washington* to his claim for re-

1 sentencing. He also suggests that had his motion for subpoenas been granted to obtain the
2 log records from the prison, his claim that he was unable to timely file because of lock-downs
3 would have been evident. Finally, Petitioner also objects to the failure of the state court to
4 grant him counsel arguing that had counsel been appointed for him he would have been able
5 to be re-sentenced after *Blakely v. Washington* was decided.

6       Petitioner's objections are without merit. As detailed in the Report and
7 Recommendation of the Magistrate Judge, the statute of limitations for the filing of a Petition
8 for Writ of Habeas Corpus in this case expired April 4, 2003, more than two years prior to
9 the filing of the petition. Petitioner has established no grounds for equitable tolling and has
10 not even made a *prima facia* case that there was an instance where a lock-down prevented
11 him from submitting documents to any court. The Court also agrees with the Magistrate
12 Judge that even if the claims had been timely filed they are procedurally defaulted. Finally,
13 if Petitioner could overcome the procedural bar it is clear that his claims are without merit.

14       IT IS ORDERED overruling the objections of the Petitioner to the Report and
15 Recommendation of the Magistrate Judge.

16       IT IS FURTHER ORDERED adopting the Report and Recommendation of the
17 Magistrate Judge as the order of this Court. (doc. 18).

18       IT IS FURTHER ORDERED denying the Petition for Writ of Habeas Corpus and
19 directing the Clerk to enter judgment accordingly.

20       DATED this 24th day of January, 2006.

21
22
23       _____
24       Susan R. Bolton
      United States District Judge
25
26
27
28